**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Petitioner-Appellee,

v.                                                              No. 97-6314

ROBERT MORRIS COCHRAN,
Respondent-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-96-813-BO)

Submitted: January 30, 1998

Decided: February 24, 1998

Before HALL and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Barbara D. Kocher, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert M. Cochran appeals from the district court's order adopting the recommendation of the magistrate judge that Cochran continue to be committed to the custody of the Attorney General of the United States. We find that the district court did not clearly err in finding that Cochran presently continues to suffer from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. Consequently, we affirm.

Cochran's current confinement at FCI-Butner follows a long history of mental illness and violent behavior. In the mid-1970's, he was charged with threatening and intimidating a federal judge and was hospitalized for three months after going to the judge's office with a shotgun that later was found to be loaded. At that time, he was found not competent.

In the mid-1980's, Cochran was charged with mailing threatening letters to a federal judge. He was found not competent to stand trial. A psychiatrist evaluated Cochran, who claimed that he was a prophet of God. Cochran denied sending threatening letters, stating that he merely filed a notice of appeal because the judge was not responding appropriately to his case. The psychiatrist observed that when things did not go his way, Cochran became "hostile, angry, belligerent, and argumentative." He characterized Cochran as acutely psychotic and diagnosed him as "manic depressive, manic type." Cochran remained in the most secure unit due to his threats towards staff and his prior threatening behavior.

Pursuant to 18 U.S.C. § 4246 (1994), in December 1987 a federal district court in Missouri committed Cochran to the custody of the Attorney General on the grounds that he was suffering from a mental

2

illness and posed a substantial risk of bodily injury to others or serious damage to the property of others if he was released. Four years later, Cochran was transferred from FMC-Springfield in Missouri to FCI-Butner in North Carolina. Here, psychiatrists diagnosed Cochran as a paranoid schizophrenic and prescribed Haldol Decanoate, an antipsychotic drug. Cochran remained psychotic and delusional despite his medical treatment. Doctors placed Cochran on a new medication, Clozaril, in 1996.

That same year, Cochran filed a motion to be discharged from his § 4246 commitment. After the case was transferred from Missouri to North Carolina, a hearing was held. One of Cochran's treating psychiatrists, Dr. Thomas Owens, testified that despite the involuntary treatment with medications, Cochran's progress at FCI-Butner has been "rocky." Owens noted that in 1992, Cochran sent the President of the United States a letter threatening his life and that he had been involved in two incidents resulting in disciplinary segregation. The first incident occurred in 1995 when Cochran cursed a counselor who had directed him to wash his face. The second event took place in 1996, only three months before the hearing, when he disrupted a bible study, refused to leave, and then hit one correctional officer and attempted to assault another. Ultimately, officers gained control over Cochran by placing him in restraints. Owens concluded that if Cochran was not hospitalized at a facility like Butner, he would pose a danger to the public.

Dr. Billy Royal conducted a psychiatric evaluation of Cochran. He concluded that Cochran has a poor prognosis for ever being able to function outside a state or federal hospital. Royal opined that medication will not change Cochran's mental health and that the main reason to medicate him would be to enable him to function at a level that created the fewest problems for himself or others. He also reported that Cochran's mother advised him that only under extreme duress would Cochran would continue medication on an outpatient basis. Although Royal did not testify, the magistrate judge relied on his report when making the recommendation.

Cochran testified on his own behalf, stating that he is a prophet and that he believes the doctors at Butner are not competent to treat him. When questioned about his plans if he were released, Cochran stated

3

that he would pursue his pending lawsuits, but failed to explain where he would live or how he would continue medical treatment.

Based on the evidence presented, the magistrate judge recommended that Cochran remain committed pursuant to § 4246. In addition to Cochran's history and the medical opinions concerning his behavior, the magistrate noted that Cochran's diagnosis in his Annual Forensic Updates filed in January and November 1995 was that of chronic paranoid schizophrenia, and that Dr. Royal also concluded in October of 1996 that Cochran suffers from chronic paranoid schizophrenia and manic depression. After considering Cochran's objections, the district adopted the magistrate judge's recommendation and ordered that Cochran remain committed. It is from this order that Cochran now appeals.

A person may be committed under 18 U.S.C. § 4246 only if the district court finds by clear and convincing evidence that he suffers from a mental disease or defect as a result of which his release would create a substantial risk of harm to others or to the property of others. The government must establish dangerousness under § 4246 by clear and convincing evidence. 18 U.S.C. § 4246(d). The district court's finding that the government has established dangerousness by clear and convincing evidence will not be overturned on appeal unless it is clearly erroneous. See United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

We find that the district court's opinion was not clearly erroneous in this case. There is no dispute in the medical evidence that Cochran suffers from a mental illness and the evidence supports the court's conclusion that Cochran's release would indeed pose a substantial risk of harm to others or the property of others. Dr. Owens testified, that even with medical treatment, Cochran has had disciplinary problems and acted violently as recently as a few months prior to his § 4246 hearing. Owens expressed the belief that Cochran would pose a danger to the public if he were released. Moreover, the medical evaluation conducted at the request of Cochran's counsel concluded that Cochran's prognosis was poor and the only reason for continuing his medication was to maintain him at a level that would pose the fewest problems.

4

The findings of the magistrate judge, adopted by the district court, are all supported in the record. The magistrate judge and the district court carefully weighed the evidence and determined that, as a result of Cochran's mental illness, his release would pose a substantial risk of harm to person or property. We conclude that this finding is not clearly erroneous. Consequently, we affirm. We deny Cochran's pro se motions to file a pro se supplemental formal brief and for general relief. We also deny his pro se motion for oral argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5